‘Chief Justice Robertson
delivered the opinion of the court.
The appellants, as administrators of John Hawkins, deceased, filed a bill in chancery against John Lowry, alleging that, in 1798, Hawkins bought from him a tract of land, and settled upon it; that, in 1807 or 8, Hawkins, having purchased from Lewis Craig an adversary claim, which he considered superior to that of Lowry, rescinded the contract under which he had entered on the land, and that he afterwards occupied it under Craig’s title, until his (Hawkins’) death, in 1823; that since the. death-of Hawkins, Lowry had obtained a judgment in ejectment on his title, and would proceed to evict the heirs of Hawkins, unless the chancellor would enjoin the judg nent; and, therefore, the bill prayed for an injunction, and for a final decree for improvements, made since the alleged recission.
*56 The answer denied that the appellants had any equitable claim for improvements.; but admitted the rescission of the contract of 1798. An amended answer sets up a claim for rentjtftffc
Lowry having died pondim^Mfcuit, it was revived against his administrator.
On the final hearing the circuit court dismissed the bill, but reserved to the appellee any right which he might be able to assert at law, for mesne profits.
The bill was unskilfully drawn, it it was filed for the purpose of enjoining the judgment in ejectment, ~©n the ground that Lowry had yielded o Craig’s claim, when the contract » as rescinded; because, no allegation to that effect, was made, or intimated; apd if there had been such an allegation, the heirs ol Hawkins would have been proper parties. If the bill intended to claim compensation for all the improvements, its allegations and prayer tor relief are not such as would have been necessary for the attainment of that object, for no claim has been asserted to the value of improvements made prior to 1808, and the bill asks a decree only for such improvements as were -made since the rescission of the contract. Therefore the appellants were not entitled, either to a perpetuation of their injunction, or to a decree Tor improvements which had been made by their intestate, prior to the rescission of his contract with Lowry: and so lar, consequently, the appellants have no just cause for complaining oi the decree. If, by the rescission, Lowry agreed to yield to Craig’s claim, and never to assert his own, the proper parties may still be permitted to establish that tac.t,.and might, thereupon, be entitled to a perpetual injunction to the judgment of eviction, by prosecuting, in a proper manner, a riew suit. Or, if no such agreement can be satisfactorily proved, either positively or circumstantially, but it can be shown that the rescission did not conclude the right to improvements which bad been made before its date, a new bill, properly drawn, might entitle the proper parties to some compensation for such improvements. The decree which has been rendered, cannot affect any rights which the- bill did not assert, or which have not been adjudicated on.
• A bona under a claim by him on land. regularly de-wealth, isen-to cem-the^m^rove0/
But, nevertheless, the appellants have a right complain that the decree, as rendered, is Lowry’s representati^^should be held responsible improvements mad^^Baod faith. There is no positive proof that Cr^^^Haim Was regularly derived" from the Commoi^Bph; but the facts justify ,l . * inference that it was so derived, and that John lilaw-kins was a bona Jide-occupant under it, believing that it was the paramount claim to the land. sion of the contract with Lowry, and the long continued occupancy of the land afterwards, tend ively to show that Craig had a title of record, and■ that Hawkins deemed it superior to that and that even Lowry so considered it.
It is not material to inquire whether a suit in chancery could be maintained in such a case as this, merély for improvements, for which there is a statutory and more simple remedy; nor whether the appellants were the proper parties as complainants; for if a suit in chancery be not a proper remedy, or if the appellants were not the proper parties, still the circuit court erred in dismissing the bill absolutely, and so as to bar any future claim to the value of the improvements; nor is it material whether the rents have been shown to exceed the improvements; for even if the appellee instead of the appellants, had been entitled to a balance, on a settlement of the rents and improvements, the appellants have a right to complain of the decree as rendered. If it be permitted to stand, Lowry’s representatives may prosecute a suit for mesne projits, and escape 'the operation of the occupant law; because the decree has reserved to them a remedy which will be unaffected by 4he improvements, and to which they would not have been-pei-mitted to resort, if this suit had never been brought, or if the decree now complained of had never been rendered.
But, as it appears that the amount of the rents exceeded the value of the improvements embraced in -the bill, the appellants would have had no right to complain, if their bill had been dismissed without prejudice, and without the reservation to the appellee, of a right to sue for mesneprofits. Such a decree would have remitted the parties to their rights, under the *58 occupant law. Therefore, as the bill was dismissed absolutely, and the appellee has not complained of to instruct the without prejudice, nd unequal privi-the decree, it is proper, on rew circuit court to dismiss it si “ and without reserving any u lege to either party.
Crittenden, for appellants; Ozvsley and Daveiss, for appellees.
Wherefore, it is ordered and decreed, that the decree of the circuit court be reversed, and that the cause be remanded, with instructions to render a decree conformable to this opinion.